IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD M. SMITH, #00360-016,  *
        Petitioner
                                                      *
        v.                                          Civil Action No. DKC-04-3829
                                                        *
GOVERNOR, et al.,
        Respondents        *
                                                  ******

## **MEMORANDUM**

Bernard M. Smith, a prisoner in the custody of the Federal Bureau of Prisons, housed at the United States Penitentiary in Jonesville, Virginia, filed a "Declaratory Injunctive Relief" in the United States District Court for the District of Virginia. Paper No. 1. The paper, construed by that court as a civil rights complaint, was transferred here. Paper No. 2. Plaintiff complains that his rights under the Interstate Agreement on Detainers (IAD) have been violated. He states that proceedings in 1981 and 1982 regarding a detainer which transferred his custody to Maryland for prosecution were improper and therefore invalidate the Maryland conviction which now serves as the basis for a detainer pending against him. Paper No. 1. Petitioner seeks declaratory and injunctive relief by way of a hearing to determine whether his rights under the IAD were violated. *Id.* This court has interpreted his action to include a claim alleging a violation of his civil rights, as well as a claim of entitlement to habeas corpus relief under 28 U.S.C. § 2241.

On March 16, 2005, Respondents filed a Motion to Dismiss. Paper No. 9. Petitioner has filed an opposition. Paper Nos. 13, 14, and 15. No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

**A.     Civil Rights Claim**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).     Plaintiff's claim that his Maryland conviction was obtained in violation of the IAD must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *Id*.  Plaintiff has failed to allege that his conviction has been reversed, expunged or invalidated.

Assuming Petitioner could state a valid civil rights claim, such claim would be subject to dismissal as having been filed outside the applicable statute of limitations.  Although the statute of limitations constitutes an affirmative defense, the limitations defense may be raised in a Rule 12(b)(6) motion when the

face of the complaint reveals that the cause of action has not been brought within the applicable limitations period. *See Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1357, at 352 (2d ed. 1990).

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. (*Id.*) Here, Plaintiff, at the latest, should have known of his injury in 1982 when he was not immediately transferred to Maryland pursuant to the detainer. Because Plaintiff failed to file the instant Complaint until more than twenty-two years after said time period, it is clear that the statute of limitations now bars consideration of his claim.

**B. Habeas Corpus**

Petitioner's claim that the execution of the detainer from the State of Maryland violates his Due Process rights is properly construed as a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where Petitioner is

---

[1] Respondents contend that the petition should be dismissed as res judicata and refer this court to the United States District Court for the District of Columbia's decision dismissing Petitioner's challenge to the Maryland detainer in *Smith v. District of Columbia*, Civil Action No. 00-0634 (D.D.C. 2000). Paper No. 9. Respondents' reliance on that decision is misplaced. Petitioner's habeas challenge to the Maryland detainer and conviction were dismissed, without prejudice, by the United States District Court for the District of Columbia for Petitioner's failure to exhaust available state court remedies and because venue was improper. Paper No. 9, Ex. 1, p. 3.

incarcerated or in the federal district court where Petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Jonesville, Virginia, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at the United States Penitentiary-Lee County.

It appears, however, that Petitioner's habeas claim is time barred, as filed outside the one year statute of limitations for filing petitions for writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations applies to habeas corpus applications filed pursuant to 28 U.S.C. §§2254 and 2241. *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000); *McLean v. Smith*, 193 F.Supp. 2d 867, 871 (N.C. 2002). Petitioner's convictions became final before the inception of the limitations period; therefore, he could file a §2241 petition no later than April 24, 1997. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Petitioner did not file the § 2241 petition until 2004, well beyond the one-year statute of limitations applicable to habeas petitions.

A separate Order follows.


May 2, 2005                                             /s/
Date                                                    DEBORAH K. CHASANOW
                                                        United States District Judge